UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| ANUJ KAPOOR, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | No. 3:19-CV-438 (VLB) |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT | : | May 23, 2019 |
| OF LABOR, | : | |
| Defendant. | : | |

## MEMORANDUM OF DECISION DISMISSING CASE WITHOUT PREJUDICE

The plaintiff, Anuj Kapoor, brought this action against the Secretary of the United States Department of Labor on March 26, 2019. [Dkt. 1]. Counsel appeared on behalf of the Department on May 17, 2019. [Dkt. 10]. The Department moved for an extension of time to respond to the Complaint on May 17, 2019 [Dkt. 11], which motion Mr. Kapoor opposed, [Dkt. 14].

This case must be dismissed. Mr. Kapoor does not plead facts establishing subject matter jurisdiction over his claim because he does not show that a "case or controversy" exists. "The Constitution limits the exercise of judicial power to 'cases' and 'controversies.'" *Aetna Life Ins. Co. of Hartford, Conn., v. Haworth*, 300 U.S. 227, 239 (1937) (citing U.S. CONST. ART. III § 2). For a "case or controversy" to exist, a litigant must have standing to bring a claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing contains three elements: (1) injury-in-fact, (2) "traceability" – a causal connection between the

1

alleged injury and the alleged action, and (3) likelihood that the injury is redressable by the court. *Id.* at 560-561.

Mr. Kapoor does not show that he has standing to bring this claim. Mr. Kapoor alleges that various non-legislative policies of the Department of Labor violate federal law and regulation, but he does not allege how this creates a "case or controversy" between him and the Department. He does not allege an injury to his person, property, or to a constitutional right. He seeks judicial action repealing certain federal rules regulating the Department of Labor, but does not provide a basis for the Court to review those rules or to issue an order binding the Department. *See* [Dkt. 1, at 8].

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). As the Court lacks subject matter jurisdiction over Plaintiff's action, the complaint must be dismissed.

It is therefore ORDERED:

- The complaint shall be DISMISSED without prejudice.
- On or before <u>6/7/2019</u>, Plaintiff may file a motion to re-open the case, accompanied by an amended complaint which plausibly alleges:
    1. The existence of a case or controversy;
    2. Standing;
    3. A federal cause of action providing a basis for Plaintiff's claim.

- **If Mr. Kapoor does not file a motion to re-open accompanied by an amended complaint by 6/7/2019, this dismissal shall be with prejudice.**
- **The Clerk is directed to close this case.**

                                          **IT IS SO ORDERED**

                                          _____/s/_____

                                          **Hon. Vanessa L. Bryant**
                                          **United States District Judge**

**Dated at Hartford, Connecticut: May 23, 2019.**