UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANUJ KAPOOR, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:19-cv-00438 (VLB) |
| | : | |
| SECRETARY, DEPARTMENT | : | |
| OF LABOR, | : | March 16, 2021 |
|     Defendant. | : | |

## ORDER ON MOTION FOR RECONSIDERATION

Plaintiff Anuj Kapoor brought this action under the Administrative Procedure Act ("APA"), 50 U.S.C. § 701-707 against the Secretary of the Department of Labor (the "Department"), requesting that the Court repeal Department regulations at 20 C.F.R. §§ 655.731(a)(2)(vi), 655.731(c)(5), "because they are no longer enforced by the Department." [ECF No. 1]. After dismissing the case for lack of standing without prejudice to Plaintiff moving to reopen and proposing an Amended Compliant, [ECF No. 15], Plaintiff moved to reopen, which the Court denied. [ECF Nos. 17, 21]. Before the Court is Plaintiff's Motion for Reconsideration of that denial. For reasons set forth herein, Mr. Kapoor's motion for reconsideration is DENIED.

## BACKGROUND

On March 26, 2019, Mr. Kapoor filed a Complaint against the Department alleging abuse of discretion and seeking judicial review of existing federal rules. *See generally* [ECF No. 1]. Mr. Kapoor's allegations arise from him, a non-immigrant worker in the United States, being denied the right to petition the Department to repeal certain Department rules that are allegedly no longer enforced by its Wage and Hour Division ("WHD"), and to amend certain Department rules that are allegedly not in accordance with the law and allegedly promote abuse of discretion. [ECF No. 1]. On May 23, 2019, this Court ordered dismissal of the case without prejudice due to Mr.

Kapoor's lack of standing, which is required for a "case or controversy" to exist. *See* [ECF No. 15 (Order)]. As the Court put it:

> Mr. Kapoor does not show that he has standing to bring this claim. Mr. Kapoor alleges that various non-legislative policies of the Department of Labor violate federal law and regulation, but he does not allege how this creates a 'case or controversy' between him and the Department. He does not allege an injury to his person, property, or to a constitutional right. He seeks judicial action repealing certain federal rules regulating the Department of Labor, but does not provide a basis for the Court to review those rules or to issue an order binding the Department. *See* [Dkt. 1, at 8].
> '[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.' *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). As the Court lacks subject matter jurisdiction over Plaintiff's action, the complaint must be dismissed.

[ECF No. 15 at 2].

Mr. Kapoor was allowed to file a motion to reopen the case upon providing an amended complaint that pled facts showing that (1) a claim or controversy exists, (2) Plaintiff has standing to bring a claim, and (3) a "federal cause of action providing a basis for Plaintiff's claim" exists. *Id.* On June 6, 2019, Mr. Kapoor moved to reopen the case and submitted an amended complaint. [ECF Nos. 17, 18]. On February 25, 2020, the Court denied Mr. Kapoor's motion to reopen. [ECF No. 21]. On March 1, 2020, Mr. Kapoor moved for reconsideration of that denial. [ECF No. 22]. The Government did not oppose Mr. Kapoor's motion.

## I. STANDARD OF REVIEW

In the Second Circuit, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the

court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see* D. Conn. L. Civ. R. 7(c) (requiring the movant to file along with the motion for reconsideration "a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked.").

There are three grounds for granting a motion for reconsideration: (1) "intervening change of controlling law"; (2) "the availability of new evidence"; or (3) a "need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Fed. Practice & Procedure*, § 4478 at 790). If the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion," reconsideration is appropriate. *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (per curium). However, a motion for reconsideration should be denied when the movant "seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *Patterson v. Bannish*, No. 3:10-cv-01481 (AWT), 2011 WL 2518749, at *1 (D. Conn. June 23, 2011) (same).

## II. DISCUSSION

Plaintiff's primary complaint is that delay within the Department caused him to lose two months' back pay due to the applicable statute of limitations. [ECF No. 17 at 3 ("Due to the incorrect information provided under Agency's regulations at 20 C.F.R § 655.731, plaintiff lost his claim of unpaid wages, of worth 2 months due to statute of limitations.")]; [ECF No. 22 at 2 ("Due to the negligent act of Secretary of labor in keeping an obsolete/false regulation in federal register at 20 C.F.R § 655.731(c)(5), plaintiff was falsely misled to believe that he can submit 'hourly wage'

related complaints to the department under INA, and henceforth, permanently lost his claim of unpaid wages of about 2 months, under the statute of limitations, due to the time that was wasted with Department of Labor."].

The problem for Mr. Kapoor is that he misapprehends the concept and applicability of the "statute of limitations." A statute of limitations, to the extent that it limits the amount that a plaintiff can recover in litigation, is an affirmative defense pled by a defendant, not a plaintiff, and its applicability is determined by a jury following completion of a civil trial or by a judge on summary judgment. "The statute of limitations is an affirmative defense as to which Defendants carry the burden of showing that Plaintiffs failed to plead timely claims." *DoubleLine Capital LP v. Odebrecht Fin., Ltd.*, 323 F. Supp. 3d 393, 435 (S.D.N.Y. 2018); *see also Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008) ("The lapse of a limitations period is an affirmative defense that a defendant must plead and prove."). Thus, until such determination is made, no plaintiff has his recovery *a priori* curtailed by such statutes. As Mr. Kapoor correctly notes, the applicable statute of limitations for wage-related claims is two years, or three years if the violation was willful. [ECF No. 18 ¶ 18]; 29 U.S.C. § 255(a).

When Mr. Kapoor was litigating his case in the District of Rhode Island, *Kapoor v. Infosys, Ltd.*, 1:18-cv-00320-JJM-LDA, he alleged that his employer's "policies and procedures . . . resulted in Plaintiff not being paid for non-overtime work performed." *Id.*, [ECF No. 10 ¶ 40]. In response, Infosys not only denied that allegation but asserted an affirmative defense: "Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations." *Id.*, [ECF No. 15 at 25]. Thus,

4

when Mr. Kapoor and his employer attended the two-day mediation that resulted in settlement of his Rhode Island case, the applicable statutes of limitations was still being litigated, as no jury trial or dispositive motions had been completed or ruled upon.  In other words, whether a two-year, three-year, or no statute of limitations applied was still very much up in the air when the Rhode Island case settled.  Mr. Kapoor definitively asserts that a two-year statute applied and cost him two months' wages, but he cannot possibly know that, as the statute that applied, if any, was never determined.  Therefore, if Mr. Kapoor demands to know what statute applies and whether he is due his alleged two-months of lost back pay, his remedy is with the District of Rhode Island, not the District of Connecticut.

Additionally, Mr. Kapoor attaches to his motion to reopen a Joint Motion for Approval of Settlement and Dismissal, which was approved by the District of Rhode Island.  1:18-cv-00320-JJM-LDA, [ECF No. 19].  That motion indicates that:

- "Although Plaintiff does not assert claims under the Fair Labor Standards Act ("FLSA"), the Parties' settlement of Plaintiff's claims involves a release of any FLSA claims due to Plaintiff's assertion of unpaid overtime in this matter under state law";

- "The settlement payment Plaintiff will receive in exchange for a full release of his claims represents at least 50% of his alleged unpaid hours.  The settlement payment also <u>includes additional monies for Plaintiff's</u> alleged FMLA and <u>INA claims</u> and additional monies for attorney's fees";

- "WHEREFORE, Plaintiff, Anuj Kapoor, and Defendant, Infosys Limited, respectfully request that this Court approval their settlement agreement and dismiss this action with prejudice."

1:18-cv-00320-JJM-LDA, [ECF No. 19 (emphasis added)].

As noted, the Court approved the settlement and dismissed the action with prejudice.  Thus, pursuant to that settlement, Mr. Kapoor released all FLSA claims

and received "additional monies" for settlement of his INA claims. Thus, the District of Rhode Island case is *res judicata* to Mr. Kapoor re-filing INA claims in the District of Connecticut, which is, in any case, an improper venue. In addition, the Court agrees with the Government that Mr. Kapoor's complaint to WHD has been resolved: "After WHD investigated these allegations and found them unsubstantiated, the plaintiff exercised his right to seek administrative review. These specific issues were included among those on review, and were resolved through settlement. *See* Pl.'s Mot. Re-Open, Ex. 2 at ¶¶4-5, 9-10 (FLSA and H-1B claims among those that were settled). Therefore, to the extent that the plaintiff seeks to challenge WHD's determination, such claims are moot and cannot be reheard by this Court." [ECF No. 19 at 11].

Finally, Plaintiff wishes to assert his claims pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, not the APA. "Plaintiff conceded that his financial claims are more suited under FTCA and not under APA." [ECF No. 22 at 1]. But Mr. Kapoor brought his original and his first amended complaint under the APA. *See* [ECF Nos. 1, 18]. The Court will not consider Plaintiff's shift in legal theories on his motion for reconsideration.

Moreover, the FTCA, if it were applicable, contains a statutory exception for discretionary actions taken by Government officials, even those constituting an abuse of discretion. *See* 28 U.S.C. § 2680(a) ("The provisions of this [ACT] will not apply to [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance

6

**or the failure to exercise or perform a discretionary function or duty** on the part of a federal agency or an employee of the Government, **whether or not the discretion involved be abused**.") (emphasis added).  Plaintiff has from the beginning of this case premised his claims on the Department's actions, which, according to Plaintiff, constitute an abuse of discretion:

- "Plaintiff . . . hereby brings this complaint . . . based upon . . . an abuse of discretion."  [ECF No. 1 at 1];
- "Defendant . . . has demonstrated the existence of an agency wide policy, that promotes abuse of discretion in enforcing Immigration and Nationality [A]ct." [ECF No. 18].

Such claims are exempt under the FTCA, and while Mr. Kapoor has dropped the "abuse of discretion" language from his most recent proposed amended complaint filed in conjunction with his motion for reconsideration, *See* [ECF No. 23], these claims are likewise exempt from the FTCA.

And, not only are these claims exempt from the FTCA, but the Court agrees with the Government that "under 5 U.S.C. § 701(a)(2), 'agency action is not subject to judicial review to the extent that such action is committed to agency discretion.'" [ECF No. 19 at 8 (quoting *Lunney v. United States*, 319 F.3d 550, 558 (2d Cir. 2003)]. The statutes and supporting regulations that Plaintiff complains about commit the Department to action only in a discretionary manner.  *See, e.g.*, 29 U.S.C. § 211(a) (providing that WHD "*may* investigate and gather data . . ., and investigate such facts, conditions, practices, or matters as [it] may deem necessary or appropriate to determine" whether an employer has violated the FLSA) (emphasis added); 20 C.F.R. § 655.800(b) (after opening an investigation, WHD "shall conduct such investigations

7

*as may be appropriate . . . and . . . question such person and gather such information as deemed necessary by the Administrator* to determine compliance.") (emphasis added). Alleged errors associated with operation of these statutes and regulations are exempt from judicial review.

As a final comment, Mr. Kapoor's claim of third-party standing was addressed in the Court's denial of his Motion of Reopen, [ECF No. 21], and will not be repeated here.

### III.   CONCLUSION

For the foregoing reasons, the motion for reconsideration [ECF No. 22] is DENIED.

                    /s/
                Vanessa L. Bryant
                United States District Judge

SO ORDERED at Hartford, Connecticut this 16th day of March 2021.